UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TAMMY MINTER**, | Civil Case No. 3:11-CV-00113-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **COMMISSIONER of Social Security,** | |
| Defendant. | |

    David B. Lowry
    9900 SW Greenburg Road
    Columbia Business Center, Suite 130
    Portland, Oregon  97223

        Attorney for Plaintiff

    S. Amanda Marshall
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97201-2902

Jeffrey R. McClain
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

        Attorneys for Defendant

KING, Judge:

On May 22, 2012, I filed an Opinion and Order [29] reversing the Commissioner and remanding the case for a finding of disability. Before the court is Defendant's Motion to Alter and Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [31].

The Commissioner asks me to reverse the decision for two reasons.

First, the Commissioner contends I misinterpreted <u>Lewis v. Apfel</u>, 236 F.3d 503 (9th Cir. 2001), when I concluded the ALJ improperly discredited the statement of plaintiff's sister, Stephanie Sands, by failing to specify which parts of the medical evidence were inconsistent with Sands' statement. The Commissioner contends that under <u>Lewis</u>, the ALJ does not have to clearly link his determination to the record.

<u>Bruce v. Astrue</u>, 557 F.3d 1113, 1115 (9th Cir. 2009), however, requires the germane reasons to be specific. It is unclear how to harmonize <u>Lewis</u> and <u>Bruce</u>. Moreover, I am concerned the ALJ also used inconsistency with the medical record as the primary rational to give little weight to two treating sources who opined that plaintiff's symptoms would not allow

Page 2 - OPINION AND ORDER

her to work enough days to hold down a competitive job.  Thus, I decline to reverse my opinion for this reason.

Second, the Commissioner argues the Opinion conflicts with a new case, <u>Molina v. Astrue</u>, 674 F.3d 1104 (9th Cir. 2012).  <u>Molina</u> included a long analysis of the Circuit's cases on harmless error and concluded the ALJ cannot reject lay witness testimony without comment.  But an ALJ's failure to comment on lay witness testimony "is harmless where the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims."  <u>Id.</u> at 1122 (internal quotation omitted).

In affirming the ALJ's decision to discredit plaintiff's subjective symptom testimony, the Opinion notes plaintiff consistently left her home for part-time work in 2006.  The Commissioner argues any error on the part of the ALJ in failing to give germane reasons to discredit Sands is harmless because the reason the Opinion gives to discredit plaintiff's testimony applies with equal force to Sands' testimony.

One difference, however, is that Sands gave her opinion in 2009 and plaintiff performed the part-time work in 2006.  Plaintiff could have gotten much worse over the three years.  Thus, I conclude that <u>Molina</u> is not dispositive.

///


///

Page 3 - OPINION AND ORDER

In summary, I have considered the Commissioner's arguments but I decline to change the ruling. Defendant's Motion to Alter and Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [31] is denied.

IT IS SO ORDERED.

Dated this <u>     26th     </u> day of September, 2012.

  /s/ Garr M. King  
Garr M. King  
United States District Judge