UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**TAMMY L. MINTER**,                                   Civil Case No. 3:11-CV-00113-KI

               Plaintiff,

                                              OPINION AND ORDER

                      v.

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

               Defendant.

        Lisa R. Porter
        KP Law LLC
        16200 SW Pacific Hwy, Suitee H-280
        Portland, Oregon  97224

             Attorney for Plaintiff

        S. Amanda Marshall
        United States Attorney
        District of Oregon

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97201-2902

Jeffrey R. McClain
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

In this judicial review of a final decision of the Commissioner denying plaintiff's

application for disability insurance benefits and supplemental security income benefits, I reversed

the decision of the Commissioner and remanded for a finding of disability on May 22, 2012.  On

September 26, 2012, I denied the Commissioner's Motion to Alter Judgment.  Before the court is

the plaintiff's Motion for EAJA Fees [38].

## LEGAL STANDARDS

The Equal Access to Justice Act ("EAJA") provides that the court shall award attorney

fees and expenses to a prevailing party in any civil action brought by or against the United States

unless the court finds that the government's position was substantially justified or that special

circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The test for determining

whether the government was substantially justified is whether its position had a reasonable basis

both in law and fact.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The burden is on the

government to prove substantial justification.  Gonzales v. Free Speech Coalition, 408 F.3d 613,

618 (9th Cir. 2005).  "Substantially justified does not mean justified to a high degree, but rather

justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable

person.  Put another way, substantially justified means there is a dispute over which reasonable

minds could differ."  Id. (internal quotations and citations omitted).  The inquiry focuses on two

questions:  "first, whether the government was substantially justified in taking its original action;

and, second, whether the government was substantially justified in defending the validity of the

action in court."  Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001).

## DISCUSSION

Plaintiff seeks attorney fees of $4,897.23 under the Equal Access to Justice Act

("EAJA"), expenses of $7.33, and costs of $11.40.  The Commissioner does not object to the

hourly rate or the amount of time plaintiff's attorney spent on the case.  I am required to review

the reasonableness of the time expended, however, even in the absence of objections.  Gates v.

Deukmejian, 987 F.2d 1392, 1400-01 (9th Cir. 1992).  I reviewed the materials submitted in

support of the fee petition and find no reason to question the number of hours reported.

The main issue before me is whether the Commissioner's position was substantially

justified at each stage of the proceedings.

In the first Opinion and Order, I concluded the ALJ improperly discredited lay testimony

from Minter's sister, I credited the testimony, and I remanded the case for a finding of disability.

I explained:

> Inconsistency with the medical evidence is a germane reason to discount a
> lay opinion, but that statement alone does not pass muster as a specific reason
> without some discussion and citation to particular medical records.  Although the
> ALJ did discuss the medical evidence throughout the decision, she did not specify

Page 3 - OPINION AND ORDER

which parts of the medical evidence were inconsistent with various witnesses'
statements or opinions.

Op. and Order, May 22, 2012, ECF No. 29.

Thus, the ALJ failed to follow the case law, specifically the requirement to state specific

reasons when discrediting lay testimony, as explained in Bruce v. Astrue, 557 F.3d 1113, 1115

(9th Cir. 2009).

When the Commissioner asked me to alter the judgment, he relied on a case concerning

harmless error which the Ninth Circuit filed after the parties briefed this case: Molina v. Astrue,

674 F.3d 1104 (9th Cir. 2012). I concluded Molina did not apply because of a three year gap

between Minter's performance of part-time work in 2006 and the sister's lay testimony about

Minter's symptoms in 2009. I am unpersuaded by the Commissioner's argument that my

inference that Minter's condition could have worsened over the three years was possible but not

necessary.

A "holding that the agency's decision . . . was unsupported by substantial evidence is . . .

a strong indication that the position of the United States . . . was not substantially justified.

Indeed, it will be only a decidedly unusual case in which there is substantial justification under

the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial

and probative evidence in the record." Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir.

2005) (internal quotation marks and citations omitted). The ALJ's reasoning concerning the

sister's lay testimony was not supported by substantial evidence. Accordingly, I find the

government failed to meet its burden in showing the ALJ's decision, and the Commissioner's

Page 4 - OPINION AND ORDER

litigation position, were substantially justified.  Moreover, I am unaware of any special

circumstances making an EAJA award unjust.

## CONCLUSION

Plaintiff's Motion for EAJA Fees [38] is granted.  I order that EAJA attorney fees of

$4,897.23, expenses of $7.33, and costs of $11.40 shall be paid to the plaintiff and mailed to

plaintiff's attorney's office.

IT IS SO ORDERED.

Dated this _____23rd_____ day of January, 2013.


       /s/ Garr M. King_____
       Garr M. King
       United States District Judge